AMERICAN NATIONAL BANK v. SAVANNAH TRUST COMPANY et al.

(Filed 28 March, 1919.)

**Banks and Banking—Bills and Notes—Checks—Nonpayment—Notice of Dishonor—Liability.**

> A bank received on deposit a check of its customer on another bank and sent it to its correspondent bank for collection. The check was not paid by the bank on which it was drawn and the correspondent bank was negligent in not notifying the forwarding bank for more than a month of its nonpayment and in sending it to the payee bank for collection: *Held*, the liability of the correspondent bank to the forwarding bank did not solely depend upon whether the check would have been paid in due course had it been presented, but also, whether the forwarding bank could have protected itself from the maker, or otherwise, had it been promptly notified.

Appeal by defendants from *Lyon, J.,* at February Term, 1918, of New Hanover.

This action was brought to recover $705 with interest, being the ·amount of the deposit of the plaintiff in the defendant Savannah Trust Company.

The defendant trust company sent to plaintiff bank from Savannah by mail, in November, 1912, a check drawn by Lybrand & Co. on the bank of Swansea, S. C., payable to the Reliance Fertilizer Company. Defendant bank gave credit to the Reliance Fertilizer Company for the amount of the check, and the fertilizer company checked on the same in the usual course of business.

The plaintiff bank received the check at Wilmington on 22 November, 1912, credited it to the defendant Savannah Trust Company, and in the usual course of business said credit was balanced off by dealings between the two banks. On 22 or 23 November the plaintiff sent the check ·directly to the Bank of Swansea on which it was drawn for collection.

The plaintiff did not mention or intimate to the Savannah Trust Company that the check was not paid until more than a month afterwards, by letter dated 30 December, and received by the bank in Savannah Monday, 2 January.

When the defendant notified the payee, the Reliance Fertilizer Company, that the check had not been paid the defendant trust company requested the fertilizer company to allow the amount to be charged back to them which said company refused to do because of the length of time that had elapsed, and the defendant trust company admitted its liability on account of the lapse of time.

The check has never been paid although both the plaintiff and the trust company have tried to collect it, the latter doing so as a courtesy and not a duty. The plaintiff then, because the defendant trust company refused to reimburse the plaintiff, brought this suit attaching the trust company's funds.

From a verdict and judgment in favor of the plaintiff the defendant appealed.

*McClammy & Burgwin for plaintiff.*
*John D. Bellamy & Son for defendant.*

CLARK, C. J. When this case was here on the former appeal, *Bank v. Trust Co.,* 172 N. C., 344, the court held that it was negligence *per se* for a bank to send a draft or check for collection to the bank on which the check was drawn; and further, that when the bank which has committed such negligence sues the bank, which had forwarded the check, for the amount which had been credited, and such original bank sets up as a counterclaim the negligence of the plaintiff in not notifying it of nonpayment, and in the delay of over a month without inquiry, that this was negligence *per se,* but that the burden of proof rested on the correspondent bank, which had forwarded the check to the plaintiff bank, to show that it had sustained damages, which raised an issue for the jury.

The defendant asked the court to charge: "If defendant had paid cash for the draft to the Reliance Fertilizer Company and admitted its liability for same, then if the jury shall find from the evidence, by the greater weight, that the plaintiff was negligent in not notifying the defendant within a reasonable time of the nonpayment, and thereby put it out of the ability of the defendant or its customer to collect the check, the defendant would not be liable to plaintiff in this action, and it would be your duty to answer the issue 'No.'" The court so charged but erred in adding, "Provided you further find the check would have been paid if it had been presented in due course and but for the negli-

gence of the plaintiff." If the plaintiff, after giving credit to its customer for the check remitted to it, and though the check would not have been paid if presented, still if for forty days it delayed to inform the customer that the check had been lost or had not been paid, and in the meantime the drawer, Lybrand, had become insolvent, thus depriving the customer bank of the recovery from Lybrand of the amount which it had credited and paid to the fertilizer company for such check, the plaintiff bank certainly cannot recover the sum thus lost by its customer by such negligent delay, and this irrespective of the fact, if it be a fact, that the drawee bank would not have paid the check if promptly presented, or even if it was presented and payment refused. It was the duty of the plaintiff bank to give prompt notice of the refusal to pay or of the loss of the check so that the customer bank should have opportunity to protect itself.

If upon the evidence the jury shall find that if such notice had been given in due course by the plaintiff bank the customer bank could have saved itself from loss, then the jury should have found upon the issue that the defendant bank was entitled to recover on its counterclaim any loss it sustained by reason of such negligent delay.

It is not necessary in this view to consider the other exceptions.

Error.